**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

------------------------------------------------------------------x
**In Re:**

      **CHAMART EXCLUSIVES, INC..**

                       **Debtor.**

**CHAPTER 11**

**CASE NO. 10-23684**

------------------------------------------------------------------x

**AFFIDAVIT UNDER LOCAL BANKRUPTCY RULE 1007-2**

**State of New York** )
                        ) ss.:
**County of Dutchess** )

Leny Davidson, being duly sworn, deposes and says:

1. Deponent makes this Affidavit pursuant to Local Bankruptcy Rule 1007-2 of the Rules of this Court.

2. I am the President of the Chapter 11 Debtor herein

3. There are no other or prior Bankruptcy proceedings.

4. The names and addresses of all the known creditors are attached to the debtor's Chapter 11 petition.

5. Debtor is not involved in any pending lawsuits, except as follows:

    a. M & T Bank v Chamart Exclusives, Inc.,

    b. Porcelaines Jammet Seignolles & CIA v Chamart Exclusives, Inc.

6. There is no property of the debtor in the possession or custody of any public officer, receiver, Trustee or assignee for the benefit of creditors, mortgagee pledge or assignee of rents, except as follows:

    a. Inventory valued at approximately $2,800.00 has been seized by creditor, M & T bank.

7. The debtor has no shares of stock, debentures or other securities which are publicly held.

8. Chamart Exclusives, Inc. is an importer and wholesaler of high-end gifts and tableware. The debtor may receive an estimated gross monthly income of $125,000.00 for the thirty (30) days following the filing of the Chapter 11 petition, subject to additional review.

9. The estimated monthly expenses of the debtor for the thirty (30) days following the filing of the Chapter 11 petition are @$51,000.00.

10. It is estimated that the debtor will be making a limited profit for the thirty (30) days following the filing of the Chapter 11 petition but will be streamlining costs in order to make a profit.

11. The debtor's financial difficulties have been caused by the following circumstances:

    A. Loss of a line of products which constituted approximately 30% of sales;

    B. General state of the economy caused loss of revenue.

12. It is respectfully submitted that the best interest of the creditors, the debtor, and the community would be served in allowing the debtor to enter into Chapter 11 bankruptcy. Otherwise, in the event of liquidation, unsecured creditors would receive little if anything in the way of a dividend. When a Plan is negotiated with creditors, the results will be the rehabilitation of the debtor.

　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Leny Davidson_____
　　　　　　　　　　　　　　　　　　　　　　　　　Leny Davidson, President
　　　　　　　　　　　　　　　　　　　　　　　　　Chamart Exclusives Inc.

Sworn to before me this 16th day of

August, 2010


_/s/ Linda DuBois_____
Linda DuBois
Notary Public
State of New York
Qualified in Dutchess County
Comm No. 01DU4968504
Comm. Exp. June 25, 2010